IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANDY NORMAN,<br><br>     Plaintiff,<br><br>v.<br><br>TAYLOR FEED COMPANY, INC.,<br>& CHESTER A. TAYLOR, JR.,<br>individually,<br><br>     Defendants. | Civil Action No.: |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, BRANDY NORMAN, by and through undersigned attorney, and sues the Defendants, TAYLOR FEED COMPANY, INC., a Georgia Corporation, CHESTER A. TAYLOR, JR., individually, (hereinafter collectively referred to as the "Defendants"), and alleges as follows:

### INTRODUCTION

1.     This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and unpaid wages. Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1

2. This action is brought under the FLSA to recover from Defendants overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in Waycross, Georgia, County of Ware.

## FACTS

5. Defendant, TAYLOR FEED COMPANY, INC., is a farm supply and animal feed store also providing lawn and garden, and nursery services in Ware County, Georgia.

6. Plaintiff worked as an "administrative assistant" for the Defendants and performed related activities in Ware County, Georgia.

7. In this capacity, Plaintiff was mainly responsible for providing service to customers, preparing financial deposits, completing documentation of store supply purchases, and ensuring all work was done correctly.

8. Plaintiff worked for the Defendants from approximately October 2014 through the present.

9. Plaintiff's compensation was a regular rate of pay of $12.00 per hour.

10. Plaintiff worked overtime hours on a weekly basis throughout her period of employment.

11. Despite working more than forty (40) hours per week, Plaintiff was not paid all compensation for hours worked over forty (40) hours within a work week during several weeks of employment.

12. Defendants were aware of the overtime hours worked.

13. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

## COVERAGE

14. At all material times relevant to this action (2014-2015), Defendant, TAYLOR FEED COMPANY, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

15. At all material times relevant to this action (2014-2015), Defendant, TAYLOR FEED COMPANY, INC., made gross earnings of at least $500,000 annually.

16. At all material times relevant to this action (2014-2015), Defendant, TAYLOR FEED COMPANY, INC., accepted payments from customers based on credit cards issued by out of state banks.

17. At all material times relevant to this action (2014-2015), Defendant, TAYLOR FEED COMPANY, INC., routinely ordered materials or supplies from out of state (i.e., variety of plants, bales, cubes, pellets, horse grains, etc.).

18. At all material times relevant to this action (2014-2015), Defendant, TAYLOR FEED COMPANY, INC., had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., variety of plants, bales, cubes, pellets, horse grains, etc.).

19. At all material times relevant to this action (2014-2015), Plaintiff was individually engaged in interstate commerce during her employment with Defendant, by working with a variety of plants, bales, cubes, pellets, horse grains, etc.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST TAYLOR FEED COMPANY, INC.

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 19 above.

21. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

22. During Plaintiff's employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half time compensation for the same during several weeks.

23. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

24. Defendant neither maintain nor kept accurate time records as required by the FLSA for Plaintiff.

25. Also, Defendant failed to post required FLSA informational listings as required by law.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate,

liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RECOVERY OF OVERTIME COMPENSATION AGAINST CHESTER A. TAYLOR, JR. , INDIVIDUALLY

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 19 above.

28. Defendant, CHESTER A. TAYLOR, JR., is the President, CEO, and CFO of Defendant, TAYLOR FEED COMPANY, INC.

29. Defendant, CHESTER A. TAYLOR, JR., acted with direct control over the work, pay, and job duties of Plaintiff.

30. Defendant, CHESTER A. TAYLOR, JR., had the power to hire and fire Plaintiff.

31. Defendant, CHESTER A. TAYLOR, JR., supervised and controlled Plaintiff's work schedule or conditions of employment.

32. Defendant, CHESTER A. TAYLOR, JR., determined Plaintiff's rate and method of payment.

33. Defendant, CHESTER A. TAYLOR, JR., maintained employment records.

34. As such, Defendant, CHESTER A. TAYLOR, JR., is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff demands judgment against CHESTER A. TAYLOR, JR. for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 1st day of March, 2016.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:  RMorgan@forthepeople.com
*Attorneys for Plaintiff*